# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK WILSON** | : | **JURY TRIAL DEMANDED** |
| 1 Glenolden Avenue | : | |
| Glenolden, PA, | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **KATE ZIELKE** | : | **CIVIL ACTION NO. 06-2450** |
| Government Center, Basement | : | |
| 201 W. Front Street | : | |
| Media, PA | : | |
| | : | |
| and | : | |
| | : | |
| **PHILIP F. PISANI** | : | |
| Government Center, Basement | : | |
| 201 W. Front Street | : | |
| Media, PA | : | |
| *Defendants* | : | |

## AMENDED COMPLAINT

## Jurisdiction

1.      This action is brought pursuant to 42 U.S.C. Section 1983 and Section

1988, and the First and Fourteenth Amendments of the United States

Constitution.  Jurisdiction is based upon 28 U.S.C. Sections 1331 and

1343 and the aforementioned statutory and Constitutional provisions.

Plaintiff further invokes the supplemental jurisdiction of this Court to hear

and decide claims arising under state law.

## Parties

2.  Plaintiff, Patrick Wilson, is a resident of the Commonwealth of Pennsylvania, whose address at all relevant times hereto is set forth in the caption.

3.  Defendant Kate Zielke (hereinafter, "Zielke"), was at all times relevant hereto a Delaware County Pre-trail Probation Officer, whose address is above stated.

4.  Defendant Philip Pisani (hereinafter, "Pisani"), was at all times relevant hereto a Director of the Delaware County Pre-trail Probation Office, whose address is above stated.

5.  At all times relevant hereto, all defendants were acting under color of state law.

6.  Defendants are jointly and severally liable for the injuries and damages suffered by plaintiff, as are more fully set forth herein.

## FACTS

7.  On or about March 2, 2005, defendant Zielke placed an electronic monitoring device on plaintiff's lower right leg.

8.  Although plaintiff complained that the device was too tight, his complaints were ignored by defendant Zielke.

9.  Over the course of the next 10 days plaintiff repeatedly complained to defendant Zielke that the device was too tight, was causing him pain and numbness, and was causing his leg to swell.  He also showed her the condition of his leg and repeatedly requested that the device be removed or modified.  Zielke disregarded plaintiff's pleas.

10.  Defendant Pisani was also informed of plaintiff's complaints that the device was too tight, was causing him pain and numbness and causing his leg to swell, and requested that the device be removed or modified.

11.  Defendant Zielke repeatedly responded to plaintiff's complaints by telling him that if he did not stop complaining, she would put him in jail; while defendant Pisani called plaintiff's criminal attorney's office and stated that if plaintiff didn't stop calling and complaining, he (Pisani) would personally put plaintiff in prison.  These threats chilled plaintiff's efforts to communicate about the injuries he was suffering and the need for defendants to provide him relief.

12.  On March 13, 2005, unable to tolerate the pain any longer and fearing injury, plaintiff went to the hospital where emergency room physicians removed the device from his leg.

13. Plaintiff had an obvious and serious medical need, to which defendants were deliberately indifferent.

14. Plaintiff suffered pain, swelling and permanent nerve damage, which rendered him sick, sore, lame and prostrate.

15. Plaintiff suffered physical injuries requiring hospital treatment and past and future medical treatment.

16. The acts of the defendants were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show the defendants' conscious indifference to the danger of harm and injury.

17. The conduct of the defendants was intentional and without legal justification.

18. The conduct of the defendants was done in a menacing manner, designed to cause plaintiff fear, distress and embarrassment.

19. The acts of the defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and by conduct so egregious as to shock the conscious.

20. The defendants engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by depriving him of freedom of

speech and liberty without due process of law, subjecting him to unreasonable cruelty, punishment, and demonstrating deliberate indifference to his serious medical need.

21. As a direct and proximate cause of the defendants' illegal and unconstitutional actions and inactions, plaintiff suffered pain, fear, horror, chagrin, nightmares, anxiety, embarrassment, loss of liberty, permanent serious physical injury, and the loss of the enjoyment of life, all to his great detriment and loss.

22. As a direct and proximate cause of the defendants' illegal and unconstitutional actions and inactions, plaintiff suffered and will continue to suffer financial loss, including the loss of past and future earnings, all to his great detriment and loss.

23. As a direct and proximate cause of the defendants' illegal and unconstitutional actions and inactions, plaintiff suffered and will in the future suffer the costs of medical treatment, all to his great detriment and loss.

## FIRST CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
Zielke and Pisani

24. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

25. As a direct and proximate cause of the actions and omissions of the defendants, plaintiff was deprived of precious rights, privileges and immunities secured unto him by the laws and Constitution of the United States, all to his great detriment and loss.

26. The actions of the defendants deprived plaintiff of his rights, privileges and immunities under the laws and the Constitution of the United States; his right to be free from cruelty and punishment, and to be free from deliberate indifference to his serious medical needs, to be secure in his person, to freedom of expression, and to due process of law, all to plaintiff's great detriment and loss.

27. Defendant Pisani also has supervisory liability for his failure to train, supervise and monitor defendant Zeilke in the proper application and monitoring of the electronic monitoring device by which defendants caused plaintiff's injuries.

5

28. By these actions, the defendants deprived plaintiff of the rights secured unto him by the Constitution of the United States, in particular the First and Fourteenth Amendments thereof and in violation of 42 U.S.C. §1983.

29. Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. §1988.

30. Plaintiff is entitled to punitive damages for the outrageous, wanton, willful and reckless conduct of defendants Zielke and Pisani.

## SECOND CAUSE OF ACTION - ASSAULT AND BATTERY
Zielke and Pisani

31. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

32. Defendants Zielke and Pisanai did place plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

33. The acts of defendant Zeilke and Pisani constituted the torts of assault and battery, all to plaintiff's great detriment and loss.

## JURY DEMAND

34. Plaintiff demands a trial by jury as to each defendant and as to each cause of action.

**WHEREFORE**, plaintiff demands judgment against each defendant, jointly and severally, as to each count, along with costs, attorney's fees, interest, punitive damages, and such other and further relief as the Court may deem just and proper.

By: ***POPPER & YATVIN***

 

Howard D. Popper,
    and with him,
Alan L. Yatvin
230 South Broad Street, Suite 503
Philadelphia, PA 19102
(215)546-5700

Attorneys for Plaintiff

August 22, 2006

7

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he has on August 21, 2006

caused the foregoing Amended Complaint to be served by First Class mail,

pre-paid, on:

> Michael P. Laffey, Esquire
> Holsten & Associates
> One Olive Street
> Media, PA 19063

August 22, 2006                                    _____
                                                          Alan L. Yatvin