**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID JAMES WITT (#R64144),<br><br>Plaintiff,<br><br>v.<br><br>ROB MCELLIN, RENEE BROCKMAN, and CHELSEA BIANCHI,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24-cv-11942<br><br>Judge Andrea R. Wood |

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES Defendants Rob McEllin, Renee Brockman, and Chelsea Bianchi (together, the "Defendants"), by and through their attorney, Robert B. Berlin, DuPage County State's Attorney, and his Assistants, Mark Winistorfer and Krystina Jonsson, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Jury Demand, state the following:

**INTRODUCTION**

This is an action brought by Plaintiff David James Witt. Briefly stated, Mr. Witt had a bracelet affixed to his ankle as a condition of his pre-trial release. Over the ensuing months, Mr. Witt experienced worsening pain, culminating in multiple trips to the emergency room. Defendants, who are all employed by the DuPage County Probation Department, ignored Plaintiff's apparent medical needs, despite Mr. Witt's repeated complaints. After months of constant pain and suffering, Mr. Witt experienced scarring and injuries to both of his legs:



Mr. Witt brings suit to redress the deprivation of his Constitutional rights.

**<u>ANSWER</u>: Defendants admit that this is an action brought by Plaintiff David James Witt, and that Mr. Witt was court ordered to have a SCRAM device installed on his ankle as a condition of bond in DuPage County Case No. 22 CF 1509. Defendants also admit that they were employed by the Eighteenth Judicial Circuit Court's Department of Probation and Court Services during the time period covered by the allegations of the Amended Complaint. Defendants deny that they were employed by DuPage County at any time and had knowledge of and/or ignored any of Plaintiff's apparent medical needs. Defendants lack the knowledge or information necessary to admit or deny the remaining allegations within this paragraph.**

## <u>JURISDICTION AND VENUE</u>

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**<u>ANSWER</u>: Defendants admit that Plaintiff's Amended Compliant claims that a deprivation of his Constitutional rights occurred and that the Amended Complaint purports that it was filed to redress the alleged deprivation and that this action is brought pursuant to 42 U.S.C. § 1983 but deny the remaining allegations within this paragraph.**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331.

**<u>ANSWER</u>: Defendants admit that this Court has jurisdiction over all matters that are not time-barred by the statute of limitations.**

3. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted in this complaint occurred in this judicial district and the parties reside in this district.

**<u>ANSWER</u>: Defendants admit that venue is proper but deny the remaining**

**allegations contained within this paragraph.**

## PARTIES

4. Plaintiff David James Witt is a lifelong resident of Addison, Illinois. Plaintiff is 51 years old and is a chef. He has been cooking for nearly 25 years, starting off as a line cook and rising to head banquet hall chef. Now, he works as head chef at a catering business in Glen Ellyn, Illinois.

**ANSWER: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

5. At all times relevant to the events described in this Complaint, Defendant Rob McEllin was the head of the DuPage County Probation and Court Services ("Probation Department"). He is sued in his individual capacity.

**ANSWER: Defendants admit that Robert McEllin was the Director of the Eighteenth Judicial Circuit Court's Department of Probation and Pretrial Services at all relevant times and that Plaintiff's Amended Complaint purports to sue him in his individual capacity but deny the remaining allegations contained within this paragraph.**

6. At all times relevant to the events described in this Complaint, Defendant Renee Brockman was a Senior Probation Officer at the Probation Department. Brockman administered the Secure Continuous Remote Alcohol Monitor ("SCRAM") program and oversaw the adjustments of Plaintiff's SCRAM bracelet. She is sued in her individual capacity.

**ANSWER: Defendants admit that at all times relevant to the events described in the Complaint, Brockman was a Senior Probation Officer at the Eighteenth Judicial Circuit Court's Department of Probation and Pretrial Services and that Plaintiff's Amended Complaint purports that she is being sued in her individual capacity but deny that Brockman administered the SCRAM program.**

**Defendants Brockman and McEllin admit that Brockman had authority to adjust Plaintiff's SCRAM bracelet when requested.**

**Defendant Brockman denies the remaining allegations contained within this paragraph.**

**Defendants McEllin and Bianchi lack the knowledge or information necessary to**

**admit or deny the remaining allegations contained within this paragraph.**

7. At all times relevant to the events described in this Complaint, Defendant Chelsea Bianchi was a probation officer at the Probation Department. She served as Plaintiff's probation officer. She is sued in her individual capacity.

**ANSWER: Defendants admit that at all times relevant to the Amended Complaint, Defendant Bianchi was a probation officer at the Eighteenth Judicial Circuit Court's Department of Probation and Pretrial Services and that Plaintiff's Amended Complaint purports that she is being sued in her individual capacity but deny that Bianchi served as Plaintiff's probation officer, as Bianchi served as Plaintiff's Pretrial Officer. Defendants deny the remaining allegations contained within this paragraph.**

8. All defendants were acting under color of state law.

**ANSWER: Defendants admit the allegations contained within this paragraph but deny any wrongdoing.**

## FACTUAL ALLEGATIONS

### Pre-Trial Probation

9. On or about July 25, 2022, Plaintiff was charged with a non-violent DUI. As a condition of Plaintiff's bond, the court ordered Plaintiff to wear a SCRAM bracelet.

**ANSWER: Defendants, upon information and belief, admit the allegations contained within this paragraph.**

10. The court order dated July 25, 2022, stated that "Defendant shall immediately notify Probation personnel of any complications with the SCRAM device including, but not limited to, if it becomes loose or tight while being worn, any health issues experienced from wearing it, emergencies requiring removal of the device, or any suspected malfunction or condition which may interfere with the operation of the device."

**ANSWER: Defendants, upon information and belief, admit that a court order dated July 25, 2022 was entered in DuPage County Case No. 22 CF 1509, that the language of the court order speaks for itself, and deny any allegations inconsistent therewith.**

11. On or about July 27, 2022, an unknown female employee of the Probation

Department placed a SCRAM bracelet on Plaintiff's lower left leg. The employee ensured that the SCRAM bracelet was tight enough on Plaintiff's leg by sticking her two fingers between the bracelet and his leg. The monitor on the SCRAM bracelet was required to maintain contact with his skin.

**ANSWER: Defendants McEllin and Brockman, upon information and belief, admit that a SCRAM bracelet was placed on Plaintiff's lower left leg on or about July 27, 2022 by personnel at the Eighteenth Judicial Circuit Court's Department of Probation and Pretrial Services, and that the monitor on the SCRAM bracelet was required to maintain contact with Plaintiff's skin. Defendants McEllin and Brockman lack the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

**Defendant Bianchi, upon information and belief, admits that a SCRAM bracelet was placed on Plaintiff's leg, but lacks the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

12. The Health and Safety Notice for SCRAM Systems Products states: "Some side effects may occur when beginning to wear a bracelet… If you experience any of the following conditions, you should immediately contact your supervising authority for further instructions and seek medical help if needed: Sores; Open wounds; Bruising; Severe irritation or redness."

**ANSWER: Defendants, upon information and belief, admit that there is a Health and Safety Notice for SCRAM Systems Products, that this notice speaks for itself, and deny any allegations inconsistent therewith or wrongdoing alleged herein.**

13. As part of his pretrial probation, Plaintiff was required to check in with his probation officer, Defendant Bianchi, over the phone every week. He would also check in in-person nearly monthly at the Probation Department to charge his bracelet.

**ANSWER: Defendants, upon information and belief, admit that on July 25, 2022, the Court entered and order entitled "Additional Conditions of Bond," which ordered, in part, that Plaintiff "[c]ontact the Pretrial Unit at least once weekly by phone or in person as directed by the Pretrial Unit," and that the July 25, 2022 order speaks for itself, and deny any allegations that are inconsistent therewith or wrongdoing alleged herein. Defendants deny that Bianchi was Plaintiff's probation officer, but admit that she was his Pretrial Services Officer, and deny that Plaintiff was on "pretrial probation."**

**Defendant McEllin lacks the knowledge or information necessary to admit or deny**

**the remaining allegations contained within this paragraph.**

**Defendant Brockman denies that Plaintiff would check in in-person nearly monthly at the Probation Department to charge his bracelet. Defendant Brockman lacks the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

**Defendant Bianchi denies that Plaintiff was required to check in with her over the phone weekly. Defendant Bianchi lacks the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

14. Within two months of putting the bracelet on, Plaintiff started to experience severe pain and irritation from the SCRAM bracelet on his lower left leg.

**ANSWER: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph. Answering further, Defendants deny that Plaintiff notified them of any pain or irritation from the SCRAM bracelet.**

15. Plaintiff did not have any pre-existing skin conditions prior to wearing the SCRAM bracelet.

**ANSWER: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

16. After experiencing severe pain and irritation on his leg, Plaintiff informed Defendant Bianchi over the phone about his injuries. She told him she could not do anything for his leg, and that there was no other option except to keep the bracelet on.

**ANSWER: Defendants McEllin and Brockman lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

**Defendant Bianchi admits that on January 11, 2024, Plaintiff informed her over the phone about alleged injuries on his leg, but denies that Plaintiff ever informed her about any alleged injury, discomfort, or issue with his SCRAM bracelet prior to that date. Defendant Bianchi denies the remaining allegations contained within this paragraph.**

17. Plaintiff's injuries began to worsen in March 2023, with a visible indent in his skin from the SCRAM bracelet, as depicted in color copies of the following photo:



**<u>ANSWER</u>: Defendants McEllin and Bianchi lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

**Defendant Brockman, upon information and belief, denies that Plaintiff had any injuries to his legs in March 2023. Defendant Brockman lacks the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph**

18. The condition of Plaintiff's left leg continued to deteriorate. His skin reddened and hardened. Then, the wound opened, and started smelling, crusting, and discharging matter. Plaintiff described the pain as constantly electrocuting him.

**<u>ANSWER</u>: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph. Answering further, Defendants deny that Plaintiff notified them of any pain or irritation from the SCRAM bracelet beyond the January 11, 2024 telephone call to Bianchi.**

19. During one of his check-ins the Probation Department to charge the bracelet,

Plaintiff showed Defendant Brockman his injuries. Plaintiff requested that she relocate, modify, or remove the device. But Defendant Brockman had no reaction to his injuries

**ANSWER: Defendants McEllin and Bianchi lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

**Defendant Brockman denies the allegations contained within this paragraph, denies that Plaintiff notified her of any pain or irritation from the SCRAM bracelet, and denies the remaining allegations contained within this paragraph.**

20. Defendant Brockman attempted to adjust the SCRAM bracelet, but her actions did nothing to improve Plaintiff's pain. Afterwards, Plaintiff told her that he was still in pain from the bracelet.

**ANSWER: Defendants McEllin and Bianchi lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

**Defendant Brockman admits that she adjusted the SCRAM bracelet in March of 2023, but denies that Plaintiff told her he was in pain from the bracelet. Defendant Brockman lacks the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

21. Because Defendant Brockman did not do anything to improve his condition, Plaintiff asked for her supervisor, Defendant Rob McEllin.

**ANSWER: Defendants McEllin and Bianchi lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

**Defendant Brockman, upon information and belief, admits that her direct supervisor, who was not Defendant McEllin, observed Plaintiff's leg in March of 2023, but denies the remaining allegations contained within this paragraph.**

22. Defendant McEllin was present for the adjustment of Plaintiff's SCRAM bracelet. Defendant McEllin saw and was made fully aware of Plaintiff's injuries. Defendant McEllin also refused to modify, relocate, or remove the SCRAM bracelet, telling Plaintiff that he needed to keep the SCRAM bracelet on.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi lacks the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

23. At various times during his check-ins, Plaintiff repeatedly asked Defendants Bianchi, Brockman, and McEllin to modify, relocate, or remove the SCRAM bracelet to help ameliorate his pain. However, Defendants failed to properly adjust his bracelet, and after each adjustment Plaintiff told Defendants that he was still experiencing pain. Yet Defendants kept the bracelet on his left leg.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

24. Plaintiff asked Defendants Bianchi, Brockman and McEllin for the following alternatives, which they denied: adjust the bracelet so that it did not cause him pain; move the SCRAM bracelet to another ankle; replace the SCRAM bracelet with an alcohol monitor watch; spend the weekends in jail.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

25. On information and belief, Defendants Brockman and McEllin each had the power to adjust the bracelet, relocate the bracelet, or remove the bracelet entirely before Plaintiff's injuries were so bad that he needed to go to the emergency room ("E.R.").

**ANSWER: Defendants McEllin and Brockman admit that they each had the power to adjust, relocate, or remove the SCRAM bracelet pursuant to a court order, but deny the remaining allegations contained within this paragraph, and deny any wrongdoing.**

**Defendant Bianchi lacks the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

26. Instead, Defendants Brockman and McEllin left Plaintiff in a state of chronic pain.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi lacks the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

27. On or about Saturday, December 30, 2023, while at work, Plaintiff's condition

deteriorated. His ankle was bleeding during service. Unable to tolerate his pain any longer, he left his job as a head banquet hall chef early.

**<u>ANSWER</u>: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

28. On or about December 30, 2023, Plaintiff visited the E.R. at Elmhurst Hospital. Plaintiff presented with yellow and green pus from the site of the SCRAM bracelet on his left leg. His skin was red and broken at the site of the bracelet, presenting an indurated and indented wound. He was diagnosed with cellulitis. Later, this injury was described as a large ulcerative wound:



**ANSWER: Defendant Brockman admits that she had been informed that Plaintiff went to the Elmhurst ER on or about December 30, 2023, but lacks the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

**Defendants McEllin and Bianchi lack the knowledge or information necessary to admit or deny the remaining allegations contained within this paragraph.**

29. The doctors attributed the wound to the SCRAM bracelet.

**ANSWER: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

30. The doctors at the E.R. called the Probation Department and described Plaintiff's condition. Probation Officer Dan Boivin gave the doctors permission to remove the bracelet.

**ANSWER: Defendant Brockman, upon information and belief, admits that Dan Boivin of the Eighteenth Judicial Circuit Court's Department of Probation and Court Services informed her that he spoke with someone at Elmhurst ER, who described Plaintiff's condition, and Boivin gave permission for the SCRAM device to be removed.**

**Defendants McEllin and Bianchi lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

31. On or about January 1, 2024, Plaintiff was released from the hospital. The hospital called DuPage County Sheriff's office to inform them of Plaintiff's discharge. An officer instructed Plaintiff to report to the jail lobby for replacement of the SCRAM bracelet.

**ANSWER: Defendants lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

32. Plaintiff told Defendant Bianchi that he went to the E.R. because of his injuries caused by SCRAM bracelet.

**ANSWER: Defendants McEllin and Brockman lack the knowledge or information necessary to admit or deny the allegations contained within this paragraph.**

**Defendant Bianchi admits the allegations contained within this paragraph.**

33. With regards to the SCRAM bracelet, Defendant Bianchi told Plaintiff, "I hope they

find one to fit you," or words to that effect.

**ANSWER: Defendants McEllin and Brockman lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

**Defendant Bianchi denies the allegations contained within this paragraph.**

34. On or about January 2, 2024, Defendant Brockman placed a SCRAM bracelet on Plaintiff's right leg.

**ANSWER: Defendant Brockman, upon information and belief, admits the allegations of this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

35. Defendant Rob McEllin was present for the attachment of the bracelet.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained in this paragraph.**

**Defendant Bianchi lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

36. Plaintiff told Defendants Brockman and McEllin about his visit to the E.R. Neither Defendant showed concern about his injuries, simply saying that Plaintiff still needed to wear the SCRAM bracelet.

**ANSWER: Defendant McEllin denies the allegations contained in this paragraph.**

**Defendant Brockman admits that she was made aware of Plaintiff's visit to the E.R., but denies the remaining allegations contained within this paragraph.**

**Defendant Bianchi lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

37. On information and belief, Defendants Brockman and McEllin had no plan in place to address the future onset of pain in Plaintiff's right leg.

**ANSWER: Defendant McEllin denies knowledge of any alleged pain in Plaintiff's leg and denies that there was no plan in plan to address complications with participants of the SCRAM program.**

**Defendant Brockman denies the allegations contained within this paragraph.**

**Defendant Bianchi lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

**Post-Guilty Plea**

38. On or about January 30, after pleading guilty, Plaintiff was removed from the SCRAM program. On or about February 9, 2024, as a condition of bond, Plaintiff was placed back onto the SCRAM program.

**ANSWER: Defendant Brockman admits, upon information and belief, that on January 30, 2024, Plaintiff was removed from SCRAM and was ordered to submit to a TRAC device (a portable breathalyzer device attached to a participant's cellular phone). Defendant Brockman denies that the remaining allegations of this paragraph truly and accurately depict the events of January 30-February 9, 2024, and therefore deny same.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

39. Defendant Brock **[SIC]** placed a SCRAM bracelet onto Plaintiff's right leg.

**ANSWER: Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

**Defendant Brockman Defendant Brockman denies that the remaining allegations of this paragraph truly and accurately depict the events of January 30-February 9, 2024, and therefore deny same, however, upon information and belief, admits that she placed a SCRAM bracelet onto Plaintiff's right leg and denies wrongdoing.**

40. Defendant McEllin was present for the attachment of the bracelet to Plaintiff's leg.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi lacks knowledge or information sufficient to admit or deny the allegations of this paragraph**

41. Defendants Brock **[SIC]** and McEllin both had knowledge of Plaintiff's experience at the E.R. for his left leg, including the extent of his pain and injuries.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

42. Soon after the bracelet was put back onto his right leg, Plaintiff experienced irritation on his right leg from the SCRAM bracelet.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

43. On or about February 13, 2024, Plaintiff sought emergency medical attention. Medical personnel diagnosed Plaintiff's injury to his right leg as abrasion.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

44. On or about February 21, 2024, his right leg started showing further reddening and scarring, as depicted in color copies of the following photos:



**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

45. On or about February 23, 2024, his injuries on his right leg started to bleed and discharge matter:



**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

46. On or about February 26, 2024, Plaintiff sought emergency medical attention.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

47. Plaintiff presented with a 5x2cm wound to his right lower leg, with redness and tenderness.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

48. Medical personnel drew a blue circle around his wound, telling Plaintiff to seek emergency medical attention if the redness reaches the line.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

49. Plaintiff requested a note from medical personnel at the ER to have the SCRAM bracelet moved to a different extremity

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

50. Plaintiff received the note and presented it to Defendant Brockman at the Probation Department. However, Defendant Brockman kept the SCRAM bracelet on the same leg.

**ANSWER: Defendant Brockman denies the allegations contained within this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

51. On February 29, the redness on Plaintiff's ankle neared the blue circle, as depicted in color copies of the following photos:



**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

52. On or about March 3, 2024, Plaintiff started to experience more swelling and

discharge from the SCRAM bracelet, with the redness and scarring breaching the blue circle:



**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

53. On or about March 5, 2024, Plaintiff's right ankle continued to swell and discharge. Additionally, the wound started to bleed, as depicted in color copies of the following photos:





**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, deny knowledge of same, and deny any wrongdoing.**

54. On or about March 7, 2024, Plaintiff sought emergency medical attention with

serious injuries to his right lower leg. His right lower leg showed a reaction to the SCRAM bracelet, showing irritation, swelling, crusting, and redness:




**ANSWER: Defendant Brockman, upon information and belief, admits she was informed that Plaintiff sought emergency medical attention on or about March 7, 2024. Defendant Brockman lacks knowledge or information sufficient to admit or deny the remaining allegations contained within this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

55. The doctor contacted Plaintiff's probation officer and alerted them of the need to remove the bracelet.

**ANSWER: Defendant Brockman, upon information and belief, admits that an emergency room doctor at Elmhurst Hospital contacted the Eighteenth Judicial Circuit court's Department of Probation and Pretrial Services and alerted them that they needed to cut off Plaintiff's SCRAM bracelet. Defendant Brockman denies the remaining allegations contained within this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

56. The doctor told the probation officer on the phone that Plaintiff would need ongoing treatment with the device off.

**ANSWER: Defendant Brockman, upon information and belief, denies the allegations contained within this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

57. Plaintiff returned to the Probation Department, where Defendant Brockman reattached a SCRAM bracelet to his left leg. At this time, Plaintiff's left leg had barely healed from his ordeal at the E.R. on December 30, 2023. Plaintiff was still experiencing pain in his left leg.

**ANSWER: Defendant Brockman, upon information and belief, admits that Plaintiff returned to the Eighteenth Judicial Circuit court's Department of Probation and Court Services and that she placed a SCRAM device on Plaintiff's left leg, but denies that the allegations of this paragraph truly and accurately depict the events described, and therefore denies same.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

58. On March 9, Plaintiff still had severe scarring and redness on his right leg:

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny**



**the allegations of this paragraph.**

59. On or about March 19, 2024, Plaintiff sought emergency medical attention again. Medical personnel noted that Plaintiff had developed a rash to his right ankle at the old site of the SCRAM bracelet. However, because the bracelet had since been moved to his left ankle, he also had symptoms on that ankle. There was severe redness on his left lower leg at the site of the SCRAM bracelet, and remaining cellulitis on his right lower leg.

**ANSWER: Defendant Brockman, upon information and belief, admits that she was informed that Plaintiff sought medical attention at urgent care on March 19, 2024, but lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

60. During one of Plaintiff's visits to the E.R., a doctor called the Probation Department

requesting to remove the SCRAM bracelet for medical necessity. The Probation Department, presumably Defendants McEllin, Brockman, or Bianchi, or somebody who reported to Defendant McEllin, denied that request, demanding that Plaintiff keep the bracelet on and instead come to the Probation Department to get the bracelet removed. Due to the nature of the medical emergency, the doctor took off the SCRAM bracelet anyway.

**ANSWER: Defendants Brockman and McEllin deny the allegations contained within this paragraph.**

**Defendant Bianchi lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

61. Plaintiff entered IDOC custody on March 25, 2024, with two active infections in both ankles. Plaintiff still had discharge and open wounds, and struggled to walk.

**ANSWER: Defendant Brockman, upon information and belief, admits that Plaintiff was taken into IDOC custody on March 25, 2024. Defendant Brockman lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.**

**Defendants McEllin and Bianchi lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

62. Today, Plaintiff still has doctor appointments and outstanding medical bills because of these injuries.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.**

**DAMAGES**

63. As a direct result of Defendants' conduct and omissions, Plaintiff sustained injuries and damages, including pain and suffering, emotional distress, mental anguish, restrictions on his ability to work and make a living, and thousands of dollars in medical bills.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

64. As a direct result of Defendants' conduct and omissions, Plaintiff could not walk

properly.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

65. As a direct result of Defendants' conduct and omissions, Plaintiff still has swelling, itchiness, dermatitis, cellulitis, and eczema from the SCRAM bracelet.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

66. As a direct result of Defendants' conduct and omissions, Plaintiff needed to leave work early several times, suffering loss of income and loss of career opportunities.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

67. As a direct result of Defendants' conduct and omissions, Plaintiff sustained physical injuries, including physical chronic pain and suffering, scarring, emotional distress, permanent nerve damage, and personal injuries.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

## CAUSES OF ACTION

## COUNT I

### Deliberate indifference to Plaintiff's serious medical need (Fourteenth Amendment)

*Brought under 42 U.S.C. § 1983 Against Defendants Brockman and McEllin*

68. Plaintiff incorporates by reference all the allegations set forth in this Complaint.

**ANSWER: Defendants incorporate by reference all the answers set forth in this Answer.**

69. Plaintiff's medical injuries to his legs were so obvious that even a layperson would be able to perceive a need for a doctor's attention.

**ANSWER: Defendant McEllin and Brockman deny that they had knowledge of and/or ignored any of Plaintiff's apparent medical needs. Defendants McEllin and Brockman lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

70. In the manner described more fully above, Defendants Brockman and McEllin purposefully, knowingly, or reckless **[SIC]** allowed Plaintiff's pain and injuries on his lower left leg to fester to the point of needing acute medical attention.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

71. Well before Plaintiff's visit to the E.R., Defendants Brockman and McEllin were aware that Plaintiff had a serious medical condition requiring their intervention.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

72. Defendants Brockman and McEllin had the power and had a duty to remove, adjust, or relocate the bracelet for medical necessity.

**ANSWER: The allegations contained in this paragraph consist of legal conclusions for which no answer is required. To the extent that an answer is required:**

**Defendants McEllin and Brockman admit that they had the power to adjust, relocate, or remove Plaintiff's SCRAM bracelet pursuant to a court order. Defendants deny that the remaining allegations contained within this paragraph are a true, accurate, and complete statement of the law and therefore deny them.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

73. Defendant Brockman personally affixed the SCRAM bracelet onto Plaintiff on several occasions.

**ANSWER: Defendant McEllin lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.**

**Defendant Brockman, upon information and belief, admits that she affixed the SCRAM bracelet onto Plaintiff on more than one occasion.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

74. Defendant McEllin directly supervised Brockman, at times overseeing the administration of the SCRAM bracelet onto Plaintiff and hearing Plaintiff complain directly.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

75. Defendants Brockman and McEllin acted unreasonably and with deliberate indifference to Plaintiff's serious medical needs when they failed to adjust the SCRAM bracelet properly, remove the SCRAM bracelet, or develop a plan to help prevent pain and injury, after Plaintiff informed them of the severity of his pain.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

76. The acts and omissions of the Defendants to this claim were contributing proximate causes of Plaintiff's injuries, including but not limited to pain, suffering, and emotional distress.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

77. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1983, as well as pre-judgment interest, post-judgment interest, and costs as allowable by federal law.

**ANSWER: The allegations contained in this paragraph consist of legal conclusions for which no answer is required. To the extent that an answer is required:**

**Defendants McEllin and Brockman deny that the allegations contained within this paragraph are a true, accurate, and complete statement of the law and therefore deny them; deny that they committed the acts and omissions set forth in this complaint; and deny that they are liable for Plaintiff's alleged injuries and damages.**

**Defendant Bianchi makes no answer to the allegations contained within Count I as Count I is not directed against Bianchi.**

**COUNT II**

**Failure to Intervene**
**(Fourteenth Amendment)**

*Brought under 42 U.S.C. § 1983 Against All Defendants*

78. Plaintiff incorporates by reference all the allegations set forth in this Complaint.

**ANSWER: Defendants incorporate by reference all the answers set forth in this Answer.**

79. In the manner more fully described above, Defendants had reason to know that Plaintiff's constitutional rights were being violated.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

80. Defendants had reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined but failed to do so.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

81. Defendants' failures to act were intentional, done with reckless indifference to Plaintiff's rights.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

82. As a direct and proximate result of these failures, Plaintiff's rights were violated and he suffered injuries.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

**Count III**
**Deliberate indifference to Plaintiff's serious medical need**
**(Eighth Amendment)**

*Brought under 42 U.S.C. § 1983 Against Defendants Brockman and McEllin*

83. Plaintiff incorporates by reference all the allegations set forth in this Complaint.

**ANSWER: Defendants incorporate by reference all the answers set forth in this Answer.**

84. After Plaintiff pled guilty on January 30, Defendants Brockman and McEllin were aware of Plaintiff's serious medical needs, and knew the risk of harm to Plaintiff if the SCRAM bracelet was put on and remained attached to his right or left leg.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count III as Count III is not directed against Bianchi.**

85. Despite that knowledge, Defendant Brockman, with Defendant McEllin's approval, attached the SCRAM bracelet to his right leg and later attached the SCRAM bracelet to his left leg. Defendants Brockman and McEllin left Plaintiff in a state of chronic pain until Plaintiff again needed emergency medical attention.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count III as Count III is not directed against Bianchi.**

86. As a result of Defendants' unconstitutional conduct, Plaintiff experienced injuries, including, but not limited to, pain, suffering, and emotional distress.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count III as Count III is not directed against Bianchi.**

87. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and/or with reckless indifference to Plaintiff's rights.

**ANSWER: Defendants McEllin and Brockman deny the allegations contained within this paragraph.**

**Defendant Bianchi makes no answer to the allegations contained within Count III as Count III is not directed against Bianchi.**

88. Alternatively, Defendants were deliberately indifferent to Plaintiff's objective serious medical needs, and their actions were undertaken intentionally, with malice and/or reckless indifference to Plaintiff's rights.

**ANSWER: The allegations contained in this paragraph consist of legal conclusions for which no answer is required. To the extent that an answer is required:**

**Defendants McEllin and Brockman deny that the allegations contained within this paragraph are a true, accurate, and complete statement of the law and therefore deny them; deny that they committed the acts and omissions set forth in this complaint; and deny that they are liable for Plaintiff's alleged injuries and damages.**

**Defendant Bianchi makes no answer to the allegations contained within Count III as Count III is not directed against Bianchi.**

## COUNT IV

### Failure to Intervene
### (Eighth Amendment)

*Brought under 42 U.S.C. § 1983 Against All Defendants*

89. Plaintiff incorporates by reference all the allegations set forth in this Complaint.

**ANSWER: Defendants incorporate by reference all the answer set forth in this Answer.**

90. In the manner more fully described above, Defendants had reason to know that Plaintiff's constitutional rights were being violated.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

91. Defendants had reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined but failed to do so.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

92. Defendants' failures to act were intentional, done with malice and/or reckless

indifference to Plaintiff's rights.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

93. As a direct and proximate result of these failures, Plaintiff's rights were violated and he suffered injuries.

**ANSWER: Defendants deny the allegations contained within this paragraph.**

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint, Defendants assert the following separate affirmative defenses against Plaintiff:

### First Affirmative Defense
### Qualified Immunity

1. With respect to the Plaintiff's claims, Defendants, in their individual capacities, did not cause the deprivation of any constitutional rights of Plaintiff.

2. The conduct of Defendants was at all times objectively reasonable and did not violate any of Plaintiff's clearly established constitutional rights.

3. Accordingly, Defendants, in their individual capacities, are entitled to the defense of qualified immunity.

### Second Affirmative Defense
### Failure to Mitigate

4. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

### Third Affirmative Defenses
### Assumption of Risk

5. The Plaintiff's claims are barred by the doctrine of assumption of risk as he was aware of the risks, dangers and hazards inherent with not immediately notifying Probation

personnel of any complications with the SCRAM device as ordered by the Court.

6. The Plaintiff's claims are further barred by the doctrine of assumption of risk as he was aware of the risks, dangers and hazards inherent with his refusal to participate in alternative devices, such as TRAC, and his insistence on the SCRAM device being re-installed on his person.

**Fourth Affirmative Defense**
**Contributory Negligence and/or Wrongful Conduct/Comparative Fault**

7. To the extent that any injury or damages claimed by Plaintiff against the Defendants was caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff, even if the Defendants are liable for damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of the Plaintiff, which was the proximate cause of his injuries.

**Fifth Affirmative Defense**
**No Individual Liability Under 42 U.S.C. § 1983**

8. Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

9. Defendants reserve the right to amend the affirmative defenses at any point throughout the course of discovery.

**JURY DEMAND**

Defendants MCELLIN, BROCKMAN, and BIANCHI respectfully request a trial by jury on any issue triable of right by a jury.

**Dated:** August 24, 2026

Respectfully submitted,
ROBERT B. BERLIN
DuPage County State's Attorney

By: *s/ Krystina Jonsson*
ASA Krystina Jonsson

By: Mark Winistorfer, Assistant State's Attorney
ARDC 6310510
Mark.Winistorfer@dupagecounty.gov
Krystina Jonsson, Assistant State's Attorney
ARDC 6329884
Krystina.jonsson@dupagecounty.gov
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200
*Attorneys for the Defendant*
*Investigators and County of DuPage*